REICHENBERG v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. STREET RAILWAYS— NEGLIGENCE — COLLISION WITH WAGON — EVIDENCE— SUFFICIENCY.

In an action against a street car company for personal injuries caused by a collision between defendant's car and plaintiff's wagon, it appeared that the wagon was being driven in front of the car, and turned out apparently to allow the car to pass, but when the car was about to do so for some reason turned towards the track so that it was struck. The driver turned to avoid an approaching vehicle, but it did not appear how far away this vehicle was. Held not sufficient to support a finding that defendant was negligent.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Dena Reichenberg against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

J. Ralph Hilton and Wm. E. Weaver, for appellant.

I. Henry Harris and Leon Kronfeld, for respondent.

BISCHOFF, J. The testimony given by the plaintiff's servant, the sole evidence of the happening of the accident, cannot suffice to support this judgment. Taken in the most favorable view, this evidence simply is that the plaintiff's wagon was proceeding along the south-bound track in front of a car, going south, and at the car's signal turned from the south-bound to the north-bound track. The wagon went a little way along the latter track, was then caused to be deflected in its course, and for some reason the shaft was struck by the car, which had followed and was evidently passing it. The wagon had cleared the south-bound track, and there is no explanation of the change in its course other than that, somewhere ahead, a wagon was coming along the north-bound track toward it. Presumably the driver of the plaintiff's wagon wished to avoid the approaching vehicle, but why he chose to turn directly in the path of the car which was just behind him, and which he had immediately before given space to pass him, is purely a matter of conjecture. We are not informed how far away the approaching wagon was, and, while the condition of the street restricted this driver to one of the two tracks at the point, there is nothing to show the necessity for his attempt to leave the north-bound tract at the very moment when the south-bound car was passing. There is no basis, upon these meager facts, for an inference that the defendant's servants could or should have foreseen the change in the wagon's course, and guarded against it, or for a finding that reasonable prudence was used by the plaintiff's servant in relying upon some different management of the car. As the case is presented, the defendant's negligence depends upon a resort to surmise of facts which the record distinctly omits.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.